## WALKER v. SECOND· AVE. R. CO.

*(Superior Court of New York City, General Term. June 28, 1889.)*

1. **PARENT AND CHILD—INJURY TO CHILD—EVIDENCE.**
   In an action by parents for personal injuries to their child, it is not error to charge that the pain suffered by the child, in so far as it prevented her from being of service to her parents, was to be considered in estimating the damages.

2. **PRACTICE IN CIVIL CASES—MOTION TO DISMISS.**
   Where the case was tried on a theory adopted by both sides, there is no error in denying a motion to dismiss the complaint, or refusing to direct a verdict for defendant.

3. **APPEAL—REVIEW—EXCEPTIONS.**
   Exceptions to refusals to charge, which were not taken at the time of refusal, cannot be heard on appeal.

Appeal from jury term.

Action by Thomas C. Walker against the Second Avenue Railroad Company to recover damages for personal injuries to his child. The verdict was for plaintiff, on which defendant moved for a new trial, which motion being denied he appealed therefrom, and also from the judgment entered on the verdict.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Augustus O. Hutchins,* for appellant. *Charles A. Flammer,* for respondent.

SEDGWICK, C. J. The action was for damages from alleged negligence of defendant's servants. The case was tried upon a theory adopted by both sides, and in view of that the denial of the motion to dismiss the complaint or for a direction to the jury in favor of defendant was not erroneous.

There were certain exceptions taken to the refusal of the court to charge certain requests made by defendant. 1 wish to notice that it does not appear directly by the case that the court made the refusals. It only appears by construction or argumentatively. Assuming that there were refusals, the case shows that the exceptions to them were made after the jury had retired to deliberate. The appeal assumes that the requests were made before the jury had retired. If they had not been, a refusal would have been justified on that ground. But exceptions to refusals, not taken at the time of the ruling of the court, have no validity as exceptions, and cannot be heard upon the appeal. It is an exception to the charge as made which can be taken at any time before the jury have rendered their verdict. Section 995, Code Civil Proc. There was one exception to the charge. The court had charged that the jury might consider the effect of certain things in assessing damages for the loss of services, and then proceeded: "All these elements are to be considered, and the pain that she has undergone, so far as it prevented her from being of use to the parent,—all these things are to be considered in making up your opinion as to the amount of damages." The defendant's counsel excepted to the charge "that the pain that she has suffered may be considered with other elements of the case." The court had not charged that, but charged that the jury might consider the pain, so far as it prevented the child being of use to the plaintiff. It is then argued that there was no evidence that pain had diminished the quantity or affected the quality of the services. If this be the objectionable part of the charge, then the charge being right in principle the attention of the court should have been directed to the particular thing which was the ground of the objection. It does not appear to me that the testimony would not have permitted the jury to find that in consequence of pain the plaintiff could not do services that she had been in the habit of performing, so as to entitle the plaintiff to nominal damages at least on this account. But the exception did not refer to this matter of the amount that might be found by the jury. The judgment and order should be affirmed, with costs.

FREEDMAN, J., concurs.

TRUAX, J. I am of the opinion that the case does not show that the trial ⁰judge refused to charge as requested by the defendant, or that the defendant excepted in a proper manner to any refusal. It was the duty of the defendant to see that all exceptions upon which it intended to rely were properly noted. It was also the duty of the defendant to present to the appellate court a case showing directly, and not inferentially, that it had requested the trial judge to charge certain propositions; that the trial judge had refused to charge such propositions; and that it, the defendant, had excepted to such refusal. *Briggs* v. *Waldron*, 83 N. Y. 586. I concur in the opinion of the chief judge.